# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Chaffey Joint Union High School District v FieldTurf, Inc., et al.

USCA NO.: 26-1433

LOWER COURT or AGENCY and DOCKET NUMBER:
3:17-cv-04516-MAS-TJB

NAME OF JUDGE: Michael A. Shipp

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Chaffey Joint Union High School District ("Chaffey") commenced this action against FieldTurf, Inc. and its related entities (collectively, "FieldTurf") in the Central District of California seeking relief for breach of contract, certain statutory remedies and other claims in the principal amount of approx. $1.8 million relating to FieldTurf's sale of four artificial turf athletic fields to Chaffey. In 2017, the case was transferred to the District of New Jersey by order of the MDL panel as a Member Case of the ARTIFICIAL TURF MARKETING & SALES PRACTICES LITIGATION. Chaffey appeals from the Memorandum Order filed January 28, 2026, denying Chaffey's request to re-open its Member Case and transfer it back to its originating court for further proceedings.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.
1. Memorandum Order filed January 28, 2026

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Chaffey Joint Union High School District ("Chaffey") commenced this action against FieldTurf, Inc. and its related entities (collectively, "FieldTurf") in the Central District of California seeking relief for breach of contract, certain statutory remedies and other claims in the principal amount of approx. $1.8 million relating to FieldTurf's sale of four artificial turf athletic fields to Chaffey. In 2017, the case was transferred to the District of New Jersey by order of the MDL panel as a Member Case of the ARTIFICIAL TURF MARKETING & SALES PRACTICES LITIGATION. After the Court appointed class and liaison counsel in this matter, Chaffey consistently maintained its Member Case separate from the class, including appearing at several hearings through its individual counsel. In the spring of 2024, after counsel for the class and Fieldturf had announced the proposed class settlement, Chaffey's counsel directly contacted Fieldturf's counsel in an attempt to open up direct settlement negotiations. As the court was granting preliminary approval to the proposed class settlement, Chaffey unequivocally informed Fieldturf in writing that it had no interest in participating in the proposed class settlement. Thereafter, Chaffey did not receive, by any means, the notice of the proposed class settlement required by the court's order approving same. Nevertheless, after it granted final approval of the class settlement, the court entered an administrative text order closing Chaffey's Member case. Chaffey immediately informed the court of the foregoing facts and asked the court to reopen the case and transfer it to its originating court for further proceedings. On January 28, 2026, the court filed its Memorandum Order denying Chaffey's request

Identify the issues to be raised on appeal:

There are at least three bases for holding that Chaffey is not bound by the class settlement: (1) Chaffey unequivocally informed Fieldturf that it had no interest in participating in the class settlement contemporaneously with the court's preliminary approval of same; (2) Fieldturf failed to give any notice to Chaffey under FRCivP 23 of the proposed class settlement as required by the court's order approving same; and (3) even if the first two grounds were absent in this case, the court should have granted Chaffey relief to opt-out of the class under FRCivP 6(b) and 60(b).

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __16th__ day of __March__ ,20__26__ .

_____
Signature of Counsel

Rev. 07/2015